UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: CIAH NADIN BANKS,<br><br>          Debtor.<br>_____/ | Case No. 20-41184<br>Chapter 7<br>Hon. Mark A. Randon |
| CIAH NADIN BANKS,<br><br>          Plaintiff,<br><br>UNITED STATES DEPARTMENT OF<br>EDUCATION,<br><br>          Defendants.<br>_____/ | Adv. Pro. No. 21-04026<br>Hon. Mark A. Randon |

**DEFENDANT UNITED STATES DEPARTMENT OF EDUCATION'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTE that pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, and Bankruptcy Rules 7026 and 7034, the U.S. Department of Education submits the following requests for production of documents to the plaintiff, Ciah Nadin Banks, to be produced at the office of the United States Attorney, Attn: John Postulka, 211 W. Fort Street, Suite 2001, Detroit, MI 48226, within thirty (30) days from the date of this request.

**I.   INTRODUCTIONS AND DEFINITIONS**

A.   "Plaintiff," "Debtor," "Banks," and/or "you" means Ciah Nadin Banks, the debtor and plaintiff in this matter, whether known by that name or any other.

B. As used in this Request, the terms "records" or "documents" are interchangeable and each defined as including, but not limited to, the original and any non-identical copy (which is different from the original because of notations upon the copy or otherwise) of all correspondence, social media or other electronic media-sharing posts, notes, contracts, agreements, applications and rejections, memoranda, calendars, task lists, letters, emails, photos or drawings, sound recordings, transcripts, text and instant messages, computer generated files or printouts, receipts, account statements, withdrawal and deposit slips, checks (both sides) and evidence of the existence and activity related to any financial accounts, and any other similar evidence of fact, knowledge, intent, or motive, whether in print or any electronic form. If the document is in electronic form, the request is for the native electronic form to the extent that it is readily able to be viewed or accessed by the defendant. Where the document cannot be produced in its native electronic format, the reason for the inability should be clearly described and a physical copy should be produced, with such production to maintain the form and content, to the fullest extent possible.

C. If any document or record once existed but was deleted, whether intentionally or unintentionally, or is otherwise no longer in the control of the person specified, separately identify the document or record, and its content, the date it was sent or received, the creator, the sender, the recipient, when it was

deleted or otherwise removed from the control of the person listed, and by whom, and where the record was last stored or viewed.

D. These requests are deemed to be continuing in nature so that any records or documents which Plaintiff receives subsequent to the filing and serving of the initial production which could result in any deletion from, addition to, or modification of the initial production are to be immediately communicated to the United States and supplemental productions of documents are to be consummated.

E. "Debt Origination Date" is the date you first incurred any debts you are seeking to discharge in this action whether such debt was later consolidated, refinanced, rejected, reaffirmed, or otherwise restructured in any way. Please list the date incurred and reaffirmed or rejected, all dates and amounts of consolidation or refinance, the amount originally owed, the current amount owed, and the status of these obligations (e.g. repayment, default, forbearance, deferral).

## II.   REQUEST FOR PRODUCTION

1. From the Debt Origination Date to present, provide any and all documents reflecting transactions or the status of any bank, financial, or credit accounts in your name or to which you, or any member of your household, have or had any signatory authority over, withdrawal or depository access, or payment responsibility. "Financial accounts" are intended to include, but not be limited to, checking, savings, money market, brokerage, charitable, and cryptocurrency accounts. If any documents are currently not available for any reason including because the account was closed, please identify the accounts and the dates they were opened and closed.

2. Any and all records and documents relating to any storage facility (physical or electronic) over which you, or any member of your household, had any interest, control, or signature authority from the Debt Origination Date to present. This may include, but is not limited to, safe deposit boxes, storage lockers, and online or cloud storage.

3. To the extent not already included, any and all documents from the Debt Origination Date to present for any bank, credit card accounts or other pay-monthly accounts used by you, or any member of your household.

4. Business and personal records, including tax returns, which reflect assets, liabilities, gross income or receipts and expenses for you and any sole

proprietorship, partnership, corporation, or charitable entity in which you presently have or previously had an interest in, or for which you have been an owner, member, director, board member or beneficiary of, all from the Debt Origination Date to present. This is intended to include any and all Forms W-2, K-1 or 1099 K, or any other similar IRS reporting Forms issued or received by you, or any member of your household.

5. Any and all pay stubs or other evidence of income whether regular or irregular, received by you, or any member of your household, from the Debt Origination Date to present.

6. Any and all records and/or documents reflecting application for, request for, or receipt from employment, and for unemployment, disability, public or private assistance or other benefit (whether charitable or not), whether the benefits sought or received were monetary or in the form of goods or services, the agencies or organizations to which you or any member of your household applied, and the outcome of such applications, including the amounts of any awards, compensation, gifts, donations, payments, or value of service provided, and the duration of the same for any application, award, or denial of such benefits that occurred from the Debt Origination Date to present.

7. Any and all records and documents reflecting contributions or withdrawals made by you, or any members of your household, from the Debt

Origination Date to present, to a pension, profit-sharing, ESOP, or retirement plan of any sort, including any type of individual retirement account or other formal or informal arrangement for retirement income or distributions.

8. Any and all records and documents in connection with the lease, purchase, sale, or refinance of any real estate you or any member of your household has held an interest in any manner at any point in time from the Debt Origination Date to present.

9. Any and all medical/mental/dental health care records which relate in any way (whether pertaining to diagnosis, testing, treatment, or outlook) to any condition which may bear upon, or which you intend to rely upon for, your contention that repaying your student loans will impose an undue hardship upon you and/or you dependents and/or members of your household.

10. Any and all documents (*e.g.*, applications, acceptances, rejections, explanations of benefits) regarding or relating to any insurance (life, health, dental, home, auto) held by you or any member of your household, which you sought, or which provided or provides coverage to you or any member of your household.

11. Any and all documents relating to any expenses, related to any health/mental/dental condition, which expenses were incurred by you or any member of your household, and which has been paid by insurance, by you or another member of your household, or by any other source.

12. Any and all records and documents regarding communication or contact you or any of your representatives have had at any time with the federal government, any financial institution, collection agency, guarantee agency, school, or other entity with respect to the student loans which are the subject of this litigation or which have you have held.

13. Any and all documents that you believe may be demonstrative of a contention that you have made a good faith effort to repay the student loans which are the subject of this litigation, including but not limited to documents evidencing payments made on your loans and documents relating to correspondence regarding your loans.

14. Any and all records and documents supporting your monthly living expenses (including, but not limited to, shelter, food, transportation, health care, child care, utilities, entertainment, gifts, hobbies, cigarettes, alcohol, travel, etc.) for the past forty-eight (48) months, including but not limited to shelter (*e.g.*, rent/mortgage payments, maintenance, insurance, taxes), transportation (*e.g.*, vehicle payments, repairs and maintenance, insurance, fuel), food, utilities (*e.g.*, gas, electricity, water, phones, internet), health care (*e.g.*, insurance, prescriptions, medical visits), charitable giving (including gifts of any sort to anyone), and entertainment and hobbies (*e.g.*, cable television, sports, and other subscription services or memberships such as Netflix, online gaming, gyms, shopping clubs).

15. Any and all records and documents of whatever nature which you intend to use and/or introduce into evidence at the trial of this matter.

16. Execute and return the attached Tax Information Authorization(s) to release tax returns and tax return information and, if you will rely on a medical condition to support your claim, the attached Medical Authorization and Release(s) to release all medical/mental/dental records and information.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

/s/John Postulka
JOHN POSTULKA (P71881)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9118
E-mail: John.Postulka2@usdoj.gov

Dated: April 22, 2021